UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD RECEIVERSHIP ESTATE, AND THE OFFICIAL STANFORD INVESTORS COMMITTEE,<br><br>Plaintiffs,<br><br>v.<br><br>ADAMS & REESE, LLP, BREAZEALE, SACHSE & WILSON, LLP; ROBERT SCHMIDT; JAMES AUSTIN; CLAUDE F. REYNAUD, JR., CORDELL HAYMON, AND THOMAS FRAZER,<br><br>Defendants. | CIVIL ACTION NO. 3:14-MC-00025<br><br><br><br>CIVIL ACTION NO. 3:12-CV-00495-B<br>IN THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION |

**MOVANTS' COMBINED (1) RESPONSE TO MOTION FOR PROTECTIVE ORDER AND (2) REPLY IN SUPPORT OF JOINT MOTION TO DISCLOSE INFORMATION AND PRODUCE DOCUMENTS FROM THE LOUISIANA OFFICE OF FINANCIAL INSTITUTIONS**

Movants Ralph S. Janvey, in his capacity as count-appointed receiver for the Stanford Receivership Estate ("Janvey"), the Official Stanford Investors Committee ("OSIC"), Breazeale, Sachse & Wilson, L.L.P. ("BSW") and Claude F. Reynaud, Jr ("Reynaud") (Janvey, OSIC, BSW and Reynaud are collectively referred to as "Movants") file this their *Combined (1) Response to Motion for Protective Order and (2) Reply in Support of Joint Motion to Disclose Information and Produce Documents from the Louisiana Office of Financial Institutions* and in support thereof would respectfully show the Court as follows:

### I.
### SUMMARY OF THE RESPONSE AND REPLY

Contrary to the assertions of counsel for the Louisiana Office of Financial Institutions ("OFI"), Movants have strictly complied with the requirements of La. R.S. 6:103(H). Movants'

requests are narrowly tailored and reasonable -- seeking only certain documents and information related to a very particular theory of liability levied against BSW and Reynaud (hereinafter "Defendants"). Not only are OFI's boilerplate-style objections inadequate, inappropriate, and meritless, but it appears they were asserted in an effort to obstruct the discovery process. Finally, Movants have already entered into a stipulated protective order in the Texas lawsuit to protect the confidentiality of any records produced by OFI. For these reasons, Movants ask that the Court order the production requested in *Joint Motion to Disclose Information and Produce Documents from the Louisiana Office of Financial Institutions* [Doc. 16] (the "Joint Motion").

## II.
## ARGUMENTS AND AUTHORITIES

**A.    Movants Have Strictly Complied With La. R.S. 6:103(H)**

In the Joint Motion, Movants recite each section of La. R.S. 6:103(H) and provide detailed explanations showing why Movants have complied with the statute and why this Court has the authority to order OFI to produce the documents and information identified in the Joint Motion. The Joint Motion is incorporated by reference as if fully set forth herein.

**1.    Janvey Does Not Have The Records Movants Seek From OFI**

OFI contends that this Court should deny Movants' request for documents because the Texas federal court previously ordered Janvey to take possession of all records of the Stanford Trust Company ("STC"). Unfortunately, OFI's contention misses the mark. The vast majority of documents and information sought by Movants are internal OFI communications, e-mails, and working notes regarding OFI's annual examinations of STC. As such, Janvey would not be in possession of these documents because STC would not have been party to OFI's internal communications.

Movants' Combined (1) Response to Motion for Protective Order and (2) Reply in Support of Joint Motion
to Disclose Information and Produce Documents from the Louisiana Office of Financial Institutions        Page 2 of 11
2094074v1
02986.479

As for the other documents sought by Movants, OFI has already agreed to produce the 2005 Report of Examination of STC (subject to receipt of an order from the court in the *Lillie Litigation*) and OFI's counsel has indicated that OFI may has no objection to producing communications between OFI and the Securities and Exchange Commission ("SEC") for June 1, 2008 to February 17, 2009 – if any such communications exist. Accordingly, the only documents OFI definitively seeks to withhold are the very documents which Movants cannot obtain from any other source, e.g. internal OFI communications, e-mails and working notes regarding OFI's annual examinations of STC.

2.   **The Joint Motion Specifically States Why Movants Need Documents and Information From OFI**

OFI also contends that the Joint Motion fails to set forth, with specificity, why the requested documents are needed. This is simply incorrect. The Joint Motion recites the parties to the Texas lawsuit, the claims asserted by Plaintiffs against Defendants, and the alleged factual bases for those claims. The Joint Motion also refers OFI to *Plaintiffs' Third Amended Complaint*, which is the live pleading in the Texas lawsuit and which is attached hereto as Exhibit "A." In addition, a prior version of Plaintiffs' complaint was made available to counsel for OFI in connection with previous requests for authorization to depose Sidney Seymour, Didrea Moore, DeRee Allen, and Gary Newport. Finally, counsel for OFI attended the depositions of Seymour and Moore and thus has been a party to hours of questioning regarding the Texas lawsuit, Plaintiffs' claims against Defendants, Plaintiffs' theories of liability, and Defendants' defenses to those theories. Accordingly, Movants have provided sufficient information regarding why the requested documents and information are needed.

Movants' Combined (1) Response to Motion for Protective Order and (2) Reply in Support of Joint Motion
to Disclose Information and Produce Documents from the Louisiana Office of Financial Institutions    Page 3 of 11
2094074v1
02986.479

## B. Movants' Requests are Narrowly Tailored and Reasonable Given the Theories of Liability and Damages

OFI further contends that Movants' requests are overbroad and unduly burdensome. Again, this is simply incorrect. In the Texas lawsuit, Plaintiffs seek approximately $300 million from Defendants for alleged breaches of fiduciary duty. While Plaintiffs' assert many theories of liability against Defendants, Movants only seek documents from OFI in connection with a very specific theory - whether OFI was aware that STC was receiving referral fees in connection with IRA accountholder investments in Stanford International Bank, Ltd. Certificates of Deposit ("SIBL CDs"). With this theory in mind, Movants drafted six (6) document requests, seeking: the 2005 OFI Report of Examination of STC, internal OFI communications, e-mails, and working notes regarding OFI's examinations of STC for the years 1998-2009, the transcripts and exhibits from the depositions of Seymour and Allen in the *Lillie* Litigation, and communications between any SEC employee and/or agent and any OFI employee and/or agent in an after June 2008 regarding STC. Not only are these requests limited in number, they are limited in time (1998-2009), subject matter (e.g. OFI reports of examination on STC), and limited by communications between specific individuals (Ducrest, Seymour, Moore and Allen) – as opposed to any and all OFI employees. In other words, these requests were specially drafted to locate a very specific sub-set of documents, which are relevant to the claims and defenses at issue in the Texas lawsuit.

Though Movants contend that each request is narrowly tailored and reasonable under the circumstances, Movants attempted to negotiate a good-faith resolution with OFI following receipt of OFI's response. An e-mail from Stephen C. Richman to David M. Latham containing the terms of Movants' proposed resolution is attached hereto as Exhibit "B." Though OFI is

Movants' Combined (1) Response to Motion for Protective Order and (2) Reply in Support of Joint Motion
to Disclose Information and Produce Documents from the Louisiana Office of Financial Institutions      Page 4 of 11
2094074v1
02986.479

willing to produce the 2005 report, OFI is unwilling to produce the other requested documents absent a court order, even though Movants voluntarily agreed to shorten the time period of requested documents by two (2) years.

C.  **Movants' Requests Are Not Unduly Burdensome**

OFI further contends that it is unduly burdensome for OFI to conduct a review of its files to produce documents responsive to Movants' requests. First, as stated above, Movants' requests are narrowly tailored and reasonable. In addition, Movants have voluntarily offered to limit the time frame of the requests in an effort to reach a resolution with OFI. Second, as OFI freely admits, OFI does not know whether it has documents going back to 1998. According to OFI's response, OFI is only required to keep records for seven (7) years. Third, OFI has already conducted a very similar analysis and evaluation of documents in the *Lillie* Litigation – which it can use in the instant matter to produce documents to Movants. For January 1, 2005 through February 17, 2009, OFI would not need to conduct a second review, but could simply produce all non-privileged documents produced in the *Lillie* Litigation. OFI could also apply the road-map from the *Lillie* Litigation to documents for the period 2001 through 2005 – if OFI even has any such documents.

While Movants are aware that OFI is a non-party and are sensitive to the concerns of non-parties in requesting documents, Movants would note that the discovery process affords parties the right to obtain documents from non-parties and that such practice regularly occurs in litigation throughout the United States. Just because OFI is a non-party does not mean that it is exempt from discovery. To avoid undue hardship on OFI, Movants narrowly tailored their requests, and attempted to negotiate further limits in a good faith effort to resolve this matter without the need for additional court intervention. OFI rejected Movants' proposal. Taking into

Movants' Combined (1) Response to Motion for Protective Order and (2) Reply in Support of Joint Motion
to Disclose Information and Produce Documents from the Louisiana Office of Financial Institutions    Page 5 of 11
2094074v1
02986.479

account the factors identified in Federal Rule of Civil Procedure 26(b)(2)(C)(iii), the benefits of the proposed discovery outweigh the burden on OFI. This is particularly true since OFI has already produced non-privileged documents in the *Lillie* Litigation. OFI has further already submitted a privilege log in the *Lillie* Litigation – which OFI can use in this matter and to which OFI can add any additional alleged privileged documents for the period 2001-2005.

D.  **The Deliberative Process Privilege Does Not Apply to All Internal OFI Communications**

OFI further contends that its internal communications, e-mails, and working notes are protected from discovery by the deliberative process privilege (and perhaps other privileges). Essentially, the deliberative process privilege applies to documents that are: 1) pre-decisional, i.e. before a decision is made and 2) deliberative, i.e. intra-agency communications discussing a specific agency decision. *See Center for Biological Diversity v. Norton*, 336 F. Supp. 2d 1149 (D.N.M. 2004).

While Movants agree that the deliberative process privilege likely applies to some OFI internal communications, it certainly does not apply to all internal OFI communications. The privilege cannot be stretched to cover all intra-agency communications, particularly when an agency engages in annual examinations of a regulated entity. For this reason, Movants contend that the deliberative process privilege applies to internal communications from the date OFI's field examiner begins its examination of STC until the date the Commission of OFI issues its final examination report. In other words, the privilege does not apply to communications prior to or after the examination as such communications would not be pre-decisional and thus defeat the purpose of the "pre-decisional" element. On this basis, Movants were willing to negotiate with

Movants' Combined (1) Response to Motion for Protective Order and (2) Reply in Support of Joint Motion
to Disclose Information and Produce Documents from the Louisiana Office of Financial Institutions        Page 6 of 11
2094074v1
02986.479

OFI for production of all non-privileged internal OFI communications, e-mails and working notes from 2001-2009. However, OFI refused.

Movants would further note that OFI has failed to provide Movants with a privilege log – which OFI has already submitted in the *Lillie* Litigation for the period January 1, 2005 through February 17, 2009. If OFI is going to stand on its claim of privilege, Movants would ask that OFI produce a complete and detailed privilege log so that Movants can better understand the documents withheld by OFI.

### E.   OFI Does Not Understand The Texas Responsible Third Party Statute

Finally, throughout its response, OFI attempts to use its designation as a responsible third party ("RTP") in the Texas lawsuit as a reason why this Court should bar Movants from access to documents for which no other source exists. In Texas, Chapter 33.004 of the Texas Civil Practice & Remedies Code permits a defendant to designate other persons as "responsible third parties" if those persons caused or contributed to causing the harm for which recovery is sought. Tex. Civ. Prac. & Rem. Code § 33.004.

However, being designated as an RTP does not, in and of itself, subject the RTP to any exposure or liability. For example, if a party is designated as an RTP, that party can be listed on the jury charge. And, though the jury can assign liability points to the RTP, the plaintiff cannot collect from the RTP. In this case, Plaintiffs would need to sue OFI for OFI to be subject to any exposure in the Texas lawsuit. On this issue, Movants' would note that the deadline to add new parties has long since expired.

Movants' Combined (1) Response to Motion for Protective Order and (2) Reply in Support of Joint Motion
to Disclose Information and Produce Documents from the Louisiana Office of Financial Institutions        Page 7 of 11
2094074v1
02986.479

### III.
### Conclusion

Movants acknowledge that OFI's documents are confidential. For this reason, Movants strictly complied with the requirements of La. R.S. 6:103(H). In response, OFI has levied boilerplate-style objections, even though OFI admits it does not know whether it has certain responsive documents and notwithstanding the fact that non-party discovery regularly occurs throughout this county. Not only is OFI's conduct obstructionist in nature, but it is an abuse of the discovery process. This is particularly evident since La. R.S. § 6:103(J) provides OFI with a safe harbor for the good faith "release or disclosure of information." La. R.S. § 6:103(J).

OFI's request for sanctions is equally abusive. A disagreement regarding whether discovery is overbroad, unduly burdensome or privileged is no grounds for sanctions – particularly when this Court has seen fit to authorize four (4) non-party depositions, including the depositions of OFI employees, and when OFI failed to confer with Movants prior to filing its motion for protection. *See* Fed. R. Civ. P. 37(a)(5)(i).

Movants request that the Court grant the Joint Motion, deny OFI's motion for protective order, and deny OFI's request for sanctions.

### IV.
### Prayer

WHEREFORE, PREMISES CONSIDERED, Movants pray that the Court grant the Joint Motion, in full or in part, deny OFI's motion for protective order, deny OFI's request for sanctions, and for all other and further relief, at law or in equity, special or general, to which Movants may be justly entitled.

Movants' Combined (1) Response to Motion for Protective Order and (2) Reply in Support of Joint Motion
to Disclose Information and Produce Documents from the Louisiana Office of Financial Institutions    Page 8 of 11
2094074v1
02986.479

Respectfully Submitted,

| | |
|---|---|
| **NELIGAN FOLEY LLP**<br><br>By: _/s/ Douglas J. Buncher_ (with permission SCR)<br>Douglas J. Buncher<br>dbuncher@neliganlaw.com<br>John D. Gaither<br>325 N. St. Paul, Suite 3600<br>Dallas, Texas 75201<br>Telephone: (214) 840-5320<br>Facsimile: (214) 840-5301<br><br>**ATTORNEYS FOR RALPH S. JANVEY IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD RECEIVERSHIP ESTATE** | **THOMPSON COE COUSINS & IRONS LLP**<br><br>By: _/s/ Stephen C. Richman_<br>Thomas A. Culpepper<br>tculpepper@thompsoncoe.com<br>Stephen C. Richman<br>srichman@thompsoncoe.com<br>Plaza of the Americas<br>700 N. Pearl St. – 25th Floor<br>Dallas, Texas 75201<br><br>**ATTORNEYS FOR DEFENDANT BREAZEALE, SACHSE & WILSON LLP** |
| **CASTILLO SNYDER, P.C.**<br><br>By: _/s/ Edward C. Snyder_ (with permission SCR)<br>Edward C. Snyder<br>esnyder@casnlaw.com<br>Jesse R. Castillo<br>jcastillo@casnlaw.com<br>300 Convent Street, Suite 1020<br>San Antonio, Texas 78205<br>(210) 630-4200<br>(210) 630-4210 (Facsimile)<br><br>**BUTZEL LONG PC**<br><br>By: _/s/ Peter D. Morgenstern_ (with permission SCR)<br>Peter D. Morgenstern<br>*(admitted pro hac vice)*<br>morgenstern@butzel.com<br>230 Park Avenue, Suite 850<br>New York, NY 10169<br>(212) 818-1110<br>(212) 818-0494 (Facsimile)<br><br>**ATTORNEYS FOR THE OFFICIAL STANFORD INVESTORS COMMITTEE** | **COBB MARTINEZ WOODWARD, PLLC**<br><br>By: _/s/ Carrie Johnson Phaneuf_ (with permission SCR)<br>William D. Cobb, Jr.<br>wcobb@cobbmartinez.com<br>Carrie Johnson Phaneuf<br>cphaneuf@cobbmartinez.com<br>1700 Pacific Avenue, Suite 3100<br>Dallas, Texas 75201<br>(214) 220-5200<br>(214) 220-5299 (Facsimile) |

**JACKSON WALKER L.L.P.**

By: /s/ Joel Glover *with permission (SCR)*
Charles L. Babcock
Federal Bar No. 10982
cbabcock@jw.com
Kurt A. Schwarz
State Bar No. 17871550
kschwarz@jw.com
Joel Glover
State Bar No. 24087593

901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 953-6000
(214) 953-5822 (Facsimile)

And

1401 McKinney Street, Suite 1900
Houston, Texas 77010
(713) 752-4200
(713) 308-4114 (Facsimile)

**ATTORNEYS FOR DEFENDANT CORDELL HAYMON**

## CERTIFICATE OF SERVICE

    I hereby certify that on October 21, 2014, a true and correct copy of the foregoing was delivered to the following counsel of record by electronic service and/or facsimile transmission and/or certified mail, return receipt requested:

Bruce A. McKenna
McKenna & Prescott, PLLC
5801 E. 41st St., Suite 501
Tulsa, Oklahoma 74135

*Counsel for Defendant*
*Claude F. Reynaud, Jr.*

Douglas J. Buncher
Neligan Foley LLP
325 N St. Paul, Suite 3600
Dallas, Texas 75201

*Counsel for Plaintiffs*

Peter D. Morgenstern
Butzel Long PC
380 Madison Ave, 22nd Floor
New York, New York 10017

*Counsel for Plaintiffs*

William D. Cobb, Jr.
Cobb Martinez Woodward PLLC
1700 Pacific Ave., Suite 3100
Dallas, Texas 75201

*Counsel for Defendant*
*Claude F. Reynaud, Jr.*

Charles L. Babcock
Jackson Walker, L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202

*Counsel for Defendant*
*Cordell Haymon*

Edward C. Snyder
Castillo Snyder PC
Bank of America Plaza
300 Convent Street, Suite 1020
San Antonio, Texas 78205

*Counsel for Plaintiffs*

David M. Latham
Everitt & Latham, L.L.C.
400 Poydras Street
Suite 2107
New Orleans, Louisiana 70130

*Counsel for OFI*

                          /s/ C. Richman
                          Thomas A. Culpepper
                          Stephen C. Richman