| RALPH S. JANVEY, IN HIS CAPACITY | § | |
|---|---|---|
| AS COURT-APPOINTED RECEIVER FOR | § | MISCELLANEOUS |
| THE STANFORD INTERNATIONAL | § | |
| BANK, LTD., ET AL., and the OFFICIAL | § | NO. 14-25-BAJ-RLB |
| STANFORD INVESTORS COMMITTEE, | § | |
| | § | |
| VERSUS | § | |
| | § | |
| ADAMS & REESE, LLP; BREAZEALE, | § | |
| SACHSE & WILSON, LLP; ROBERT | § | |
| SCHMIDT; JAMES AUSTIN; CLAUDE F. | § | This case is pending in the |
| REYNAUD, JR.; CORDELL HAYMON; | § | Northern District of Texas |
| THOMAS FRAZER | § | Case No. 3:12-cv-0495-B |
| | § | |

## ORDER

Before the Court is a Joint Motion to Disclose Information and Produce Documents From the Louisiana Office of Financial Institutions filed on September 2, 2014 by Plaintiff Ralph S. Janvey, in his capacity as court-appointed receiver for the Stanford Receivership Estate; Plaintiff the Official Stanford Investors Committee; Defendant Breazeale, Sachse & Wilson, LLP; Defendant Claude F. Reynaud, Jr.; and Defendant Cordell Haymon (collectively, "Movants"). (R. Doc. 16). The Motion to Disclose is opposed by the Louisiana Office of Financial Institutions ("OFI"), a non-party to the underlying litigation. (R. Doc. 19). Movants filed a Reply. (R. Doc. 24).

Also before the Court is a related Motion for Protective Order filed on September 23, 2014 by OFI. (R. Doc. 18). Movants have filed an Opposition. (R. Doc. 24).

The Court held oral argument on the two motions on December 16, 2014. (R. Doc. 30). Based on Movants' representations that they intended to limit the scope of requested documents at issue in both motions, the Court ordered the Movants to jointly file, by December 23, 2014, an

amended list of documents and categories of documents sought from OFI.  Movants have timely

supplemented their motion to compel with a modified list of requested documents.  (R. Doc. 33).

## I.     BACKGROUND

This miscellaneous action was opened on April 10, 2014 when OFI moved to quash the

deposition subpoenas of two OFI employees, Sidney E. Seymour ("Seymour") and Didrea P.

Moore ("Moore"). (R. Doc. 1).  After a telephone conference with the Court, Plaintiffs filed a

response and cross-motion seeking authorization to conduct the depositions pursuant to La. R.S.

6:103(H).  The Court allowed the subpoenaed depositions to proceed pursuant to La. R.S.

6:103(H). (R. Doc. 8 at 1).  The Court refused, however, to require OFI to produce a document

that Plaintiffs did not seek to obtain pursuant to Rule 45 of the Federal Rules of Civil Procedure.

(R. Doc. 8 at 1-2).

On May 22, 2014, Defendants Breazeale, Sachse & Wilson, LLP and Claude F. Reynaud,

Jr. filed their own motion to authorize the depositions of two former OFI employees, DeRee L.

Allen and Gary Newport, pursuant to La. R.S. 6:103(H). (R. Doc. 10).  The Court authorized the

depositions pursuant to La. R.S. 6:103(H), but made no finding regarding whether the parties had

complied with any requirements under the Federal Rules of Civil Procedure or any orders of the

court where the action is pending. (R. Doc. 12 at 1).

On July 30 and 31, 2014, Movants deposed Seymour and Moore.  (R. Doc. 16 at 1).

According to Movants, certain "documents were discussed that counsel for the OFI stated would

not be produced without an order from the Court pursuant to La. R.S. 6:103(H)."  (R. Doc. 16 at

1).  Through their motion, Movants seek an order compelling OFI to produce certain documents

raised in those depositions,[1] namely the following categories of documents:

---

[1] According to OFI, the only document Movants did not have at these depositions is the 2005 OFI Report
of Examination on Stanford Trust Company ("STC").  (R. Doc. 18-1 at 4-5).

(i)  The 2005 OFI Report of Examination on Stanford Trust Company in Baton Rouge, Louisiana.

(ii)  Emails between and among [OFI employees] John Ducrest, Sidney Seymour, Didrea Moore, and/or Deree Allen regarding any OFI report of examinations done on STC between 1998 and 2009.

(iii)  Written communications between and among John Ducrest, Sidney Seymour, Didrea Moore, and/or Deree Allen regarding any OFI report of examination done on STC between 1998 and 2009.

(iv)  Working notes from John Ducrest, Sidney Seymour, Didrea Moore, and/or Deree Allen regarding any OFI examination done on STC between 1998 and 2009.

(v)  Communications between any SEC employee and/or agent and any OFI employee and/or agent in and after June 2008 regarding STC.

(vi)  Deposition transcripts and witness statements, including the associated exhibits, of any employee, agent, director, or officer of STC and/or OFI relating to any OFI examination done on STC between 1998 and 2009.

(R. Doc. 16 at 3-4).[2]  Movants state that the foregoing "information and documents in the OFI's possession are directly related to the claims and defenses in this suit." (R. Doc. 16 at 3).  OFI argues that the Court should not order the documents produced because (1) the Motion to Disclose does not satisfy all of the requirements of La. R.S. 6:103(H) and (2) OFI is entitled to a protective order pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure. (R. Docs. 18, 19).

At oral argument, counsel for Plaintiff represented that he had received a copy of the 2005 OFI Report of Examination on Stanford Trust Company from counsel for OFI, and that he would provide the document to Defendants.  Defendants are now in receipt of the report.  (R.

---

[2] Movants have not represented that they have sought these documents and information by a subpoena issued pursuant Rule 45 of the Federal Rules of Civil Procedure.  As discussed futher below, while satisfaction of the requirements pursuant to La. R.S. 6:103(H) authorize OFI to disclose certain information and documents, it does not provide federal courts with authority to compel non-parties to federal litigation to produce information and documents.

Doc. 33 at 1 n.1).  Accordingly, Movants' request for this document is moot as all Movants have

obtained the document.

Movants' supplemental list modifies the scope of documents requested pursuant to

original categories (ii), (iii), and (iv).[3]  These modified categories narrow the requested time

period by three years and limit the subject matter of documents sought to those concerning

STC's receipt of fees related to Stanford International Bank, Ltd. Certificates of Deposit ("SIB

CDs").  As modified, Movants seek the following five categories of documents:

> (i)     Emails between and among John Ducrest, Sidney Seymour, Didrea
>         Moore, and/or Deree Allen regarding STC's receipt of fees related to SIB
>         CDs between 2001 and 2009.
>
> (ii)    Written communications between and among John Ducrest, Sidney
>         Seymour, Didrea Moore, and/or Deree Allen regarding STC's receipt of
>         fees related to SIB CDs between 2001 and 2009.
>
> (iii)   Working notes from John Ducrest, Sidney Seymour, Didrea
>         Moore, and/or Deree Allen regarding STC's receipt of fees related to SIB
>         CDs between 2001 and 2009.
>
> (iv)    Communications between any SEC employee and/or agent and any
>         OFI employee and/or agent in and after June 2008 regarding STC.
>
> (v)     Deposition transcripts and witness statements, including the
>         associated exhibits, of any employee, agent, director, or officer of
>         STC and/or OFI relating to any OFI examination done on STC
>         between 2001 and 2009.

(R. Doc. 33 at 2-3).  For the purposes of this Order, the Court will reference the categories of

documents as numbered in Movants' supplemental list.

---

[3] Movants' supplemental list removes the request made through original category (i) and does not modify
the requests made through original categories (v) and (vi).

## II.    LAW AND ANALYSIS

### A.    Authorization of Disclosure Pursuant to La. R.S. 6:103(H)

Louisiana law provides OFI with certain procedural protections from disclosure of its confidential information and documents. *See generally* La. R.S. 6:103(H).  Any party requesting OFI to produce information or documents must file a motion setting forth a concise summary of issues in the proceeding and describing the information and documents sought from OFI, serve OFI with the motion, and allow OFI a reasonable time to respond. La. R.S. 6:103(H)(1)-(3).  If no other source for the information and documents is available, and upon a showing of good cause and substantial need, a federal or state court may order OFI to disclose the information and documents sought. La. R.S. 6:103(H)(4).  When ordering disclosure, the court shall also enter a protective order limiting disclosure to certain individuals that must keep the information and documents strictly confidential. La. R.S. 6:103(H)(5)-(6).

OFI argues that the requirements set forth in La. R.S. 6:103(H)(2) and La. R.S. 6:103(H)(4) have not been satisfied.

### 1.    Whether La. R.S. 6:103(H)(2) is Satisfied

La. R.S. 6:103(H)(2) provides that the motion seeking information and documents from OFI "shall specifically set forth a concise summary of the claims or disputes at issue in the suit or proceeding and shall describe the information and documents sought to be produced or disclosed by the Office of Financial Institutions."  OFI concedes that Movants set forth the dispute between the parties in the action pending in the Northern District of Texas.  (R. Doc. 19 at 9).  OFI claims, however, that La. R.S. 6:103(H)(2) is not satisfied because Movants "fail[ed] to give a concise statement of the need for the documents listed from OFI" and "failed to set forth with any specificity why the specific documents listed are needed." (R. Doc. 19 at 9).

La. R.S. 6:103(H)(2) does not specifically require the moving party to set forth any details regarding the moving party's reasons for seeking documents from OFI. In support of their Motion, Movants have set forth "a concise summary of the claims or disputes at issue in the suit." (R. Doc. 16 at 3-4). Moreover, Movants' supplemental list of requested documents discoverable describes "the information and documents sought to be produced or disclosed by the Officer of Financial Institutions" with relative detail. (R. Doc. 33 at 2-3). Accordingly, Movants have satisfied the requirements set forth in La. R.S. 6:103(H)(2).

**2.     Whether La. R.S. 6:103(H)(4) is Satisfied**

La. R.S. 6:103(H)(4) provides that "[w]hen no other source is available, and upon a showing of good cause and substantial need, the court may order the disclosure and production of such information or documents sought by the motion." OFI argues that Movants have not satisfied these requirements with respect to Movants' "request for communications between SEC employees/agents and OFI employees/agents regarding STC." (R. Doc. 19 at 11). OFI argues that the Court should not order disclosure of documents in the possession of STC because Plaintiff Ralph Janvey, in his capacity as court-appointed receiver for the Stanford Receivership Estate, has access to all records in the possession of STC. (R. Doc. 18-1 at 1-2).[4] OFI also argues that the Court should not order disclosure of documents already produced in the *Lillie* litigation that are in the possession of the Movants.

Categories (i), (ii), and (iii) seek OFI emails, written communications, and notes regarding STC's receipt of fees related to SIB CDs between 2001 and 2009. (R. Doc. 33 at 2). OFI argues that Movants can obtain documents in the possession of STC through Plaintiff Ralph

---

[4] Movants represent that responsive documents in which an employee or agent of STC was included on a communication will be a relatively small subset of documents because the "vast majority of documents and informational sought by Movants are internal OFI communications, e-mails, and working notes regarding OFI's annual examination of STC." (R. Doc. 24 at 2).

Janvey, in his capacity as court-appointed receiver for the Stanford Receivership Estate. (R. Doc. 18-1 at 1-2). Movants have not demonstrated that they are unable to obtain communications from the STC in which STC employees or agents participated. Accordingly, the Court will not require disclosure of the communications sought to the extent agents or employees of STC were included in those communications.

Internal OFI documents involving only OFI employees, however, are not available from any other source that OFI. Movants have demonstrated that they have good cause and substantial need for unprivileged internal OFI emails, written communications, and notes requested.[5] Movants represent that they are seeking the documents to determine "whether OFI was aware that STC was receiving referral fees in connection with IRA accountholder investments in Stanford International Bank, Ltd. Certificates of Deposit ('SIBL CDs')." (R. Doc. 24 at 4). Categories (i), (ii), and (iii), as modified, are narrowly tailored to obtain documents relevant to the specific issue in the underlying litigation identified by Movants.

Category (iv) seeks "Communications between any SEC employee and/or agent and any OFI employee and/or agent in and after June 2008 regarding STC." (R. Doc. 33 at 2). Movants represent in their Opposition that "OFI's counsel has indicated that OFI has no objection to producing communications between OFI and the Securities and Exchange Commission ("SEC") for June 1, 2008 and February 17, 2009 – if any such communications exist." (R. Doc. 24 at 3). The Opposition submitted by OFI suggests otherwise, however, as OFI argues that Movants have "failed to set forth any proof that these requested SEC documents are not available from the SEC." (R. Doc. 19 at 11). Movants have not demonstrated that they are unable to obtain

---

[5] Louisiana law allows a court to authorize the disclosure of documents by OFI to the extent Movants have demonstrated "good cause and substantial need" for those documents. La. R.S. 6:103(H)(4). The Court will separately consider, in the context of reviewing OFI's Motion for Protective Order, whether these document requests are overly broad and unduly burdensome as required by Rule 26(c)(1) of the Federal Rules of Civil Procedure.

communications from the SEC on which employees or agents of the SEC participated. Accordingly, the Court will not require disclosure of the communications sought in Category (iv) pursuant to La. R.S. 6:103(H).

Category (v) seeks "Deposition transcripts and witness statements, including the associated exhibits, of any employee, agent, director, or officer of STC and/or OFI relating to any OFI examination done on STC between 1998 and 2009." (R. Doc. 33 at 3). At oral argument, Movants clarified that were in possession of the requested deposition transcripts and were only seeking 3-5 exhibits attached to the depositions of Allen and Seymour in the *Lillie* litigation. According to counsel for the Plaintiffs, these exhibits are internal OFI memoranda. OFI's basis for withholding the production of these exhibits is the protective order in the *Lillie* litigation. As discussed below, that protective order does not prohibit production in this federal litigation. Accordingly, the Court will require production of the exhibits attached to the depositions of Allen and Seymour in the *Lillie* litigation.

To the extent Movants are seeking witnesses statements, including the associated exhibits, of any employee, agent, director, or officer of OFI, these documents are responsive to the extent they concern STC's receipt of fees related to SIB CDs between 2001 and 2009. Movants have not demonstrated, however, that they are unable to obtain witnesses statements and associated exhibits concerning any employee, agent, director, or officer of STC.

Accordingly, in response to Category (v), the Court will only require production of (1) the exhibits attached to the depositions of Allen and Seymour in the *Lillie* litigation, and (2) any witnesses statements, including the associated exhibits, of any employee, agent, director, or officer of OFI regarding STC's receipt of fees related to SIB CDs between 2001 and 2009.

**B.      OFI's Motion for Protective Order Pursuant to Rule 26(c)(1)**

OFI has moved for a protective order pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure.  The Court may issue an order, for good cause shown, to protect "a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ."  Fed. R. Civ. P 26(c)(1).  The Court may limit the extent of discovery to the extent "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."  Fed. R. Civ. P 26(b)(2)(C).

OFI raises two primary arguments in support of its request for a protective order pursuant to Rule 26(c)(1). (R. Doc. 18).  These arguments are more thoroughly discussed in OFI's Opposition to Movants' Motion to Disclose. (R. Doc. 19).  First, OFI argues that the original request is overly broad and production will be unduly burdensome and expensive because the time period requested (1998 through 2009) is too broad and OFI's previous productions in the *Lillie* litigation (which concerned documents from 2005 through 2009) was an extensive undertaking. (R. Doc. 18-1 at 5; R. Doc. 19 at 10-14).  Second, OFI argues that certain internal documents are protected from production on the basis of the deliberative process privilege (and other privileges). (R. Doc. 18-1 at 5; R. Doc. 19 at 14-16).

**1.      Overbreadth and Undue Burden**

OFI argues that Movants' requests for OFI's internal documents are overly broad and production would be unduly burdensome.  OFI discusses at length in its Opposition the costs involved in a similar document collection and production in the *Lillie* litigation covering the period of January 1, 2005 through February 2009. (R. Doc. 19 at 12-14).  According to OFI, this production involved the collection of approximately 25,000 documents and OFI personnel and

counsel spent "several hundred hours" engaging in document review and privilege log preparation. (R. Doc. 19 at 13). OFI represents that compliance with discovery sought in this action would be "equally as time consuming" because the time period for requested information is seven years longer and the OFI employee primarily responsible for the initial gathering of documents in the *Lillie* litigation is now retired. (R. Doc. 19 at 14). OFI also represents that it has a seven-year retention policy on certain documents and may not have all of the documents requested. (R. Doc. 18-1 at 5-6).

The likely benefit of the documents to the underlying litigation outweighs the burdens of production placed on OFI. First, at oral argument, counsel for OFI represented that he had possession of all hard copy documents responsive to Movants' original requests in approximately 15-16 boxes. The underlying litigation concerns losses to investors exceeding $300,000,000. Requiring OFI to review 15-16 boxes of documents prior to production does not constitute an undue burden considering the significant amount at issue in the underlying litigation. Finally, Movants have limited the scope of requested documents by narrowing the requested time period by three years and narrowing the scope of responsive subject matter. This narrower scope of documents significantly reduces any potential burden to OFI.[6]

The Court will authorize the production of internal OFI documents sought by Movants' in their supplemental categories (i), (ii), and (iii). The Court encourages OFI and the parties to this lawsuit to negotiate appropriate search terms and date ranges that will retrieve the specific information sought, particularly with regard to electronically stored information.

---

[6] OFI suggests that a narrower scope of requested documents actually increases its burden because a more detailed review of documents will be required. The Court rejects this argument. Taken to its logical extreme, an entity could argue that the request for a single document creates an "undue burden" where the entity has poor organization of records.

### 2. Privileges

OFI argues that the deliberative process privilege, as well as the attorney-client privilege and other privileges, will apply to many of the documents sought by Movants. (R. Doc. 19 at 14-16). OFI further informs the court that the Louisiana Supreme Court ordered the trial court in the *Lillie* case to conduct an *in camera* review of certain documents withheld by OFI in that action to determine which documents must be produced. (R. Doc. 19 at 13-14).[7] Movants acknowledge "that the deliberative process privilege likely applies to some OFI internal communications" but argue that the privilege would be limited to internal communications "from the date OFI's field examiner begins its examination of STC until the date the Commission of OFI issues its final examination report." (R. Doc. 24 at 6). Movants further note that OFI has not produced a privilege log. (R. Doc. 24 at 7).

The Court does not fault OFI for not producing a privilege log prior to a ruling on Movants' Motion to Disclose and in the apparent absence of any issued subpoena. The issue of whether any of OFI's documents are privileged will be best addressed after OFI has provided a detailed privilege log for responsive documents and the parties have had an opportunity to review that privilege log. That OFI has already created such a privilege log for the production in the *Lillie* case should streamline OFI's task.

### C. The Protective Order in the *Lillie* Litigation

OFI and the parties have indicated that some of the documents requested may be subject to a protective order in *Lillie, et al. v. Stanford Trust Co., et al.*, Docket No. 581670, in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana. The protective order in the *Lillie* case only governs the exchange of documents in that litigation and does not restrict disclosure of documents to parties in this action, particularly when the documents at issue are

---

[7] *See Lillie v. Stanford Trust Co.*, 68 So.3d 514 (La. 2011).

pre-existing and independently discoverable. *See Readlyn Tel. Co. v. Qwest Commc'ns Corp.*, No. 4:10-CV-00218, 2013 WL 3471163, at *2 (N.D. Iowa July 10, 2013) ("Ordinarily a protective order issued by one forum restricting disclosure of documents does not restrict disclosure in another forum where the documents are independently discoverable under the rules of the second forum in proceedings pending in that forum.").

Documents produced by OFI in state court pursuant to a protective order in state court are not insulated from production in this proceeding simply by virtue of their prior production.[8] There is nothing in La. R.S. 6:103(H) to suggest that documents may only be produced once and therefore only the first court authorizing production may allow any subsequent production. Taken to its extreme, OFI's position would require that initial court to serve as de facto custodian of records, weighing in on every case that could potentially involve the same documents, without limitation of date or jurisdiction. To the extent OFI is concerned about confidentiality issues, the protective order issued in this case preserves confidentiality in the federal litigation in the same manner as the protective order in the *Lillie* case preserves confidentiality in the state litigation. As this Court has already found, the protective order in this case likewise satisfies the requirement of La. R.S. 6:103(H)(5).

### D. Absence of a Rule 45 Subpoena

Movants have informed the Court that the documents they have requested from OFI have not been sought pursuant to Rule 45 of the Federal Rules of Civil Procedure. Authorization of the production of documents by OFI pursuant to La. R.S. 6:103(H) presupposes the existence of

---

[8] If the documents sought by Movants were <u>obtained</u> by OFI in the *Lillie* action pursuant to the protective order, then the protective order in the *Lillie* action would perhaps preclude OFI's production of those documents. *See*, *e.g.*, *On Command Video Corp. v. LodgeNet Entm't Corp.*, 976 F. Supp. 917, 922 (N.D. Cal. 1997) ("By using such information to file a separate lawsuit in another forum, plaintiff violated the plain terms of the Protective Order.").

a valid subpoena or other legal process. *See* La. R.S. 6:103(A) (suggesting that requirements in Subsection H merely subjects OFI's confidential "records and reports" to "subpoena or other legal process"). Although this Order authorizes OFI to produce certain documents, the Court will only compel the production of those documents (if OFI refuses to do so) pursuant to a properly issued Rule 45 subpoena consistent with the production authorized by this Order.

## III.    CONCLUSION

The Court will issue an Order pursuant to La. R.S. 6:103(H) directing the disclosure of documents responsive to Movants' supplemental categories (i), (ii), and (iii), with the exception of any non-internal communications involving the STC. The Court will not direct the disclosure of documents responsive to category (iv) because Movants have not demonstrated that the documents sought are not available from the SEC. With regard to category (v), the Court will only direct the disclosure of the following responsive documents not available from the STC: (1) the exhibits attached to the depositions of Allen and Seymour in the *Lillie* litigation, and (2) any witnesses statements, including the associated exhibits, of any employee, agent, director, or officer of OFI regarding STC's receipt of fees related to SIB CDs between 2001 and 2009.

For the foregoing reasons,

**IT IS ORDERED** that the Movants' Motion to Disclose (R. Doc. 16) is **GRANTED in part and DENIED in part**, as set forth in this Order. While the Court authorizes the disclosure and production of documents described above pursuant to La. R.S. 6:103(H), the Court makes no finding regarding whether the parties have otherwise complied with any requirements under the Federal Rules of Civil Procedure or any orders of the court where the action is pending.

**IT IS FURTHER ORDERED** that the OFI's Motion for Protective Order (R. Doc. 18) is **GRANTED in part and DENIED in part**, as set forth in this Order. The parties shall bear their own costs.

**IT IS FURTHER ORDERED** that any documents produced pursuant to Movants' document requests shall be marked and kept **"CONFIDENTIAL"** in accordance with the Joint Stipulated Protective Order entered in Case No. 3:12-cv-0495-B, a copy of which is attached hereto as Exhibit A. The Court finds that the Stipulated Protective Order already in place in the action pending in the Northern District of Texas complies in all respects with La. R.S. 6:103(H), and no further protective orders are necessary.

Signed in Baton Rouge, Louisiana, on January 12, 2015.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# EXHIBIT A

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD RECEIVERSHIP ESTATE, and THE OFFICIAL STANFORD INVESTORS COMMITTEE, | § § § § § § § | |
| **Plaintiffs** | § § | |
| | § | **CIVIL ACTION NO. 3:12-CV-00495-B** |
| v. | § § | |
| ADAMS & REESE, LLP, BREAZEALE SACHSE & WILSON, LLP, ROBERT SCHMIDT, CLAUDE REYNAUD, JR., CORDELL HAYMON, AND THOMAS FRAZER, | § § § § § § | |
| **Defendants.** | § | |

## STIPULATED PROTECTIVE ORDER

WHEREAS discovery in the above-captioned federal action (the "Litigation") is expected to entail the production by the parties of highly sensitive and confidential information;

WHEREAS the public disclosure of such confidential information may substantially injure the party producing such information and/or the source of that confidential information;

WHEREAS the parties have compelling interests in preventing the public disclosure of such confidential information, which interests outweigh any public interest in obtaining information exchanged by the parties in the Litigation; and

WHEREAS the entry of this Stipulated Protective Order is a necessary condition to the parties proceeding with discovery of such confidential information in the Litigation;

IT IS HEREBY STIPULATED AND AGREED, among the undersigned attorneys for the parties (each, a "Party" and, collectively, the "Parties") to this Litigation, AND HEREBY ORDERED under Rule 26(c)(1) of the Federal Rules of Civil Procedure that:

1.      This Stipulated Protective Order (the "Protective Order") will govern the designation and handling of documents, electronic data and information, including deposition testimony, responses to interrogatories and other materials (collectively, the "Material") produced or provided by the Parties or any non-party (each, a "Producing Party") in any discovery sought or provided in this Litigation.

2.      Any Producing Party may designate as "Confidential" the following documents or information, if the Producing Party in good faith believes that those documents or information contain confidential, sensitive, personal and/or financial information, which the Producing Party contends should be protected from disclosure under this Protective Order – including but not limited to Material containing confidential and personally identifiable information including, without limitation, names, social security numbers, federal identification numbers, personal telephone numbers, addresses, personal e-mail addresses, details of personal finances, income tax returns and other confidential personal financial information of Stanford Trust Company account holders, investors and employees, as well as reports of the Louisiana Office of Financial Institutions pursuant to Louisiana Revised Statute 6:103 (hereafter "Confidential Material").

3.      GOOD CAUSE STATEMENT.  The parties agree that good cause exists for entering this Protective Order as to Confidential Material.

4.      Confidential Material produced in this litigation will be used solely and exclusively for the purposes of the prosecution and/or defense of this Litigation; it will not be used by the parties for any other purpose.

---

5.     A Producing Party may designate information as Confidential Material by conspicuously marking or stamping documents (or the first page of a multi-page document provided that the document is securely bound), other information, or electronic media as "Confidential." A Producing Party may also designate any electronic media as "Confidential" by informing recipients in writing of such designation. Pages of deposition transcripts discussing Confidential Material may also be designated "Confidential" by any party, and shall be marked as such by the court reporter transcribing the deposition. The recipients will treat print-outs of any such electronic media that has been designated as "Confidential" in accordance with the terms of this Protective Order as Confidential Material without the requirement of further written notification or designation.

6.     Due to the substantial number of documents to be produced containing Confidential Material, it may be impracticable for a Producing Party to stamp all documents as Confidential prior to their inspection by another party. For example, the Receiver intends to make available for review by defense counsel approximately 200 boxes of Stanford Trust Company records, many of which contain Confidential Material concerning the Stanford Trust Company account holders, and it would be costly, time consuming and inefficient for the Receiver to review and stamp all of those documents "Confidential" before Defendants review them and select those documents they want copied and produced. Therefore, the parties agree that all documents that are produced for inspection will be treated as "Confidential" under this Protective Order until the Producing Party has had the opportunity to stamp them "Confidential" at the time they are copied for production. In addition, Reynaud may designate any personal financial information found upon his review of the boxes produced by the Receiver as

confidential under the separate confidentiality agreement between Plaintiffs and Reynaud that governs Reynaud's confidential financial disclosure to Plaintiffs.

7.      The Parties agree to exercise good faith in evaluating whether Materials should be designated Confidential under this Protective Order.   A party desiring to file a document containing Confidential Material may do so without filing the document under seal so long as all Confidential Material is redacted from the document.   Otherwise, the document shall be filed under seal.

8.      If a Party, through inadvertence, produces any Confidential Material without labeling or otherwise designating it as such in accordance with the provisions of this Protective Order, the Producing Party may give written notice and replacement copies to counsel to the receiving Party, and the receiving Party will treat the inadvertently produced Material as if it had been originally labeled as "Confidential."   Upon receiving such notice and replacement copies, the receiving Party will thereafter treat the designated materials in accordance with the terms of this Protective Order and destroy any duplicate copies that do not contain the "Confidential" stamp.

9.      A Party will not be obligated to challenge the propriety of a designation as Confidential Material at the time made, and a failure to do so will not preclude a subsequent challenge thereto. If a Party objects to a Producing Party's designation of any discovery material as Confidential Material and seeks to use such materials other than as permitted by this Protective Order, the objecting Party will so state by letter to counsel for the Producing Party. The Producing Party and the objecting Party will promptly confer, in good faith, to resolve any dispute concerning the designation and treatment of such information under the terms of this Protective Order.   In the event the Parties are unable to resolve any dispute concerning treatment

of information as Confidential Material, the objecting Party may, upon motion made to the Court on notice to all Parties to this Protective Order, seek an order from the Court directing that such information will not be treated as Confidential Material under this Protective Order.   The Producing Party will bear the burden to demonstrate that the designation of such discovery material as Confidential Material is proper under the terms of this Protective Order.   Pending determination of such motion, any information previously designated as Confidential Material will continue to be treated in accordance with its original designation.

10.     If a Party intends to use Confidential Material in a deposition, the pages of the deposition transcript discussing such Confidential Material will be marked "Confidential" and treated as Confidential Material under this Protective Order.

11.     A Producing Party's grant or consent to the disclosure of Confidential Material to witnesses, deponents or other third parties or the filing or disclosure of Confidential Material in Court will not constitute a waiver or withdrawal of the Producing Party's designation of such material as Confidential Material, and will not relieve the Parties of their obligations to continue to handle such information in accordance with the terms of this Protective Order.

12.     Nothing in this Protective Order will preclude any Party from seeking and obtaining, upon a showing of good cause, additional protection with respect to the confidentiality of documents or other information including, but not limited to, additional restrictions on disclosure to the Parties herein.

13.     Except with the prior written consent of the Producing Party or upon prior order of a court with competent jurisdiction, Confidential Material may be disclosed only to the following categories of persons:

a.     Outside or in-house counsel for the Parties and employees of such counsel necessary to assist counsel with respect to the Litigation;

b.  Officers, directors, partners, principals, or employees of the Parties who may be necessary to assist the Parties in connection with the Litigation;

c.  Non-Party experts or consultants retained in good faith to assist with respect to the Litigation; only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of the Litigation; provided that such expert or consultant (i) is not currently an employee of or consultant to, any competitor of any Party in the Litigation and (ii) is using said information solely in connection with this Litigation; and further provided that such expert or consultant signs a "Consent to be Bound" substantially in the form of which is attached as **Exhibit A**, agreeing in writing to be bound by the terms and conditions of this Protective Order and consenting to the jurisdiction of this Court for the purposes of enforcement of the terms of this Protective Order.   Counsel for the Party showing Confidential Material to any person required to execute an undertaking under this Protective Order will be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof;

d.  Witnesses or deponents in this Litigation and their counsel during the course of depositions or testimony in this Litigation or in preparation for depositions or testimony in this Litigation provided that counsel believes in good faith that such disclosure is necessary to the prosecution or defense of the Litigation; provided such witness or deponent was an author of, a recipient of, or had access to the document prior to this litigation; and further provided that such persons are first provided with a copy of this Protective Order and informed that this Court may be requested to impose sanctions for any use of Confidential Material other than as provided in this Protective Order; and the portions of any deposition transcript discussing Confidential Material shall be treated as Confidential Material under this Protective Order;

e.  Court reporters, stenographers, or video operators at depositions or proceedings at which Confidential Material is disclosed; and

f.  This Court and any other person designated by the Court, upon such terms as this Court may deem proper.

14.   If a Party needs to file Confidential Material along with a motion, brief or other pleading, the Party may do so by filing such Confidential Material under seal pursuant to Local Rule 79.3 without filing any separate application to do so. All such Confidential Material which is submitted to the Court will be filed under seal via the Court's ecf system or in sealed envelopes or other appropriate sealed containers, which envelopes or containers will indicate:

---

the title of the action to which it pertains; an indication of the nature of the contents of the sealed envelope or other container; and the phrase "CONFIDENTIAL MATERIAL" or words to that effect. The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other Confidential Material filed under seal with this Court in this Litigation which have been designated in whole or in part as Confidential Material.

15.     This Protective Order will continue in full force and effect with respect to all Confidential Material, whether or not offered into evidence at trial, until another order modifies, supersedes or terminates it, and will be enforceable as any other order of this Court. At the conclusion of this litigation (including exhaustion of all appeals), all such Confidential Material will be destroyed or returned to the Party who produced it, and no Party, expert, consultant or any other person or entity to whom such Confidential Material was produced will retain any copies of such Confidential Material. This paragraph does not pertain to trial exhibits, pleadings or correspondence delivered in this Litigation.

16.     Sealed records which have been filed with the Clerk of the Court other than via the ecf system will be removed by the Party that submitted them (a) within ninety (90) days after a final decision is rendered if no appeal is taken, or (b) in an appeal is taken, within thirty (30) days after final disposition of the appeal. Parties failing to comply with this paragraph will be notified by the Clerk that, should they fail to remove the sealed records within thirty (30) days, the Clerk may dispose of them.

17.     This Protective Order will have no effect on the admissibility or discoverability of any Confidential Material. By signing this Protective Order, the Parties do not agree that the information designated by any Producing Party as Confidential Material is, in fact, confidential.

18.     Nothing herein will be deemed to waive any applicable privilege or work product protection, or to affect the ability of a Producing Party to seek relief for inadvertent production or disclosure of material protected by privilege or work product protection pursuant to Rule 502(b) of the Federal Rules of Evidence.

19.     The Parties intend that this Protective Order bars production of Confidential Information to third parties to the maximum extent permitted by law.

20.     If a party or its counsel is served with a subpoena or other notice seeking production of Confidential Material that it obtained under this Protective Order, the Party upon whom such subpoena or other notice is served will give notice to the Producing Party, promptly and in writing, and sufficiently in advance of the requested production date to allow the Producing Party to object to the requested production.   No Confidential Material may be disclosed under such request unless and until (a) a court overrules the Producing Party's objection to the requested production; or (b) the Producing Party notifies the Party on whom such subpoena or other notice is served in writing that the Producing Party will not object to the requested production.

21.     Nothing contained herein will prevent any Producing Party from using or disclosing Confidential Material that such Producing Party produced without having to comply with the terms of this Protective Order.

22.     The Parties agree to be bound by the terms of this Protective Order upon its execution by the Parties and pending its entry by this Court.   Without regard to whether this Court enters such an order, this Stipulated Protective Order shall be treated as a Confidentiality Agreement among the Parties, and any violation of its terms will be subject to the same sanctions and penalties as if this Protective Order had been entered by this Court.

23.     Damages are an inadequate remedy for any breach of this Protective Order, and this Protective Order may be enforced by injunctive relief or specific performance, as appropriate.

24.     The provisions of this Protective Order will, absent written consent of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of this Litigation.

25.     This Court will retain jurisdiction to make such amendments, modifications, deletions, or additions to this Protective Order as this Court may from time to time deem necessary or appropriate.

26.     This Protective Order will remain in full force and effect until another order, if any, modifies, supersedes or terminates it, and will be enforceable as any other order of this Court.

27.     This Protective Order may be executed in counterparts.

IT IS SO ORDERED.

Signed March 25, 2014.

David C. Godbey
United States District Judge

**AGREED BY:**

**NELIGAN FOLEY LLP**

By: */s/ Douglas J. Buncher*
    Nicholas A. Foley
    nfoley@neliganlaw.com
    Douglas J. Buncher
    dbuncher@neliganlaw.com
    John D. Gaither
    jgaither@neliganlaw.com
    Republic Center
    325 N. St. Paul, Suite 3600
    Dallas, Texas 75201
    Telephone: (214) 840-5320
    Facsimile: (214) 840-5301

**ATTORNEYS FOR RALPH S. JANVEY
IN HIS CAPACITY AS COURT-
APPOINTED RECEIVER FOR THE
STANFORD RECEIVERSHIP ESTATE**

**THOMPSON COE COUSINS & IRONS
LLP**

By: */s/ Thomas A. Culpepper*
    Thomas A. Culpepper
    tculpepper@thompsoncoe.com
    Stephen C. Richman
    srichman@thompsoncoe.com
    Plaza of the Americas
    700 North Pearl Street, 25th Floor
    Dallas, Texas 75201
    (214) 871-8200
    (214) 871-2809 (Facsimile)

**ATTORNEYS FOR DEFENDANT
BREAZEALE, SACHSE & WILSON LLP**

**CASTILLO SNYDER, P.C.**

By: */s/ Edward C. Snyder*
    Edward C. Snyder
    esnyder@casnlaw.com
    Jesse R. Castillo
    jcastillo@casnlaw.com
    300 Convent Street, Suite 1020
    San Antonio, Texas 78205
    (210) 630-4200
    (210) 630-4210 (Facsimile)

**BUTZEL LONG PC**

By: */s/ Peter D. Morgenstern*
    Peter D. Morgenstern
    (*admitted pro hac vice*)
    morgenstern@butzel.com
    380 Madison Ave,
    22nd Floor
    New York, NY 10017
    (212) 818-1110
    (212) 818-0494 (Facsimile)

**ATTORNEYS FOR THE OFFICIAL
STANFORD INVESTORS COMMITTEE**

**MCKENNA & PRESCOTT, PLLC**

By: */s/ Bruce A. McKenna*
    Bruce A McKenna
    Oklahoma Bar No. 6021
    5801 E. 41st Street, Suite 501
    Tulsa, Oklahoma  74135
    (918) 935-2085
    (918) 935-2086 (Facsimile)

**COBB MARTINEZ WOODWARD PLLC**

By: */s/ Carrie Johnson Phaneuf*
    Carrie Johnson Phaneuf
    1700 Pacific Avenue, Suite 3100
    Dallas, Texas  75201
    (214) 220-5206  direct
    (214) 220-5256  fax

**ATTORNEYS FOR DEFENDANT
CLAUDE F. REYNAUD, JR.**

**JACKSON WALKER L.L.P.**

By: */s/ Charles L. Babcock*
    Charles L. Babcock
    Federal Bar No. 10982
    Email: cbabcock@jw.com
    Kurt A. Schwarz
    State Bar No. 17871550
    Email: kschwarz@jw.com
    901 Main Street, Suite 6000
    Dallas, Texas  75202
    (214) 953-6000
    (214) 953-5822 – Fax

**ATTORNEYS FOR DEFENDANTS
CORDELL HAYMON**

79010v.4