UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY § <br> AS COURT-APPOINTED RECEIVER FOR § <br> THE STANFORD INTERNATIONAL § <br> BANK, LTD., ET AL., and the OFFICIAL § <br> STANFORD INVESTORS COMMITTEE, § <br> § <br> VERSUS § <br> § <br> ADAMS & REESE, LLP; BREAZEALE, § <br> SACHSE & WILSON, LLP; ROBERT § <br> SCHMIDT; JAMES AUSTIN; CLAUDE F. § <br> REYNAUD, JR.; CORDELL HAYMON; § <br> THOMAS FRAZER § <br> § | | MISCELLANEOUS <br><br> NO. 14-25-BAJ-RLB <br><br><br><br><br><br><br><br> This case is pending in the <br> Northern District of Texas <br> Case No. 3:12-cv-0495-B |

## ORDER

Before the Court is a Joint Motion to Overrule Assertions of Privilege and Compel Production of Withheld Documents, or, Alternatively, Motion for *In Camera* Review, and Memorandum in Support (R. Doc. 38) filed on March 30, 2015, by Defendant Breazeale, Sachse & Wilson, LLP; Defendant Claude F. Reynaud, Jr.; and Defendant Cordell Haymon (collectively, "Movants"). On April 20, 2015, the Louisiana Office of Financial Institutions ("OFI"), a non-party to the underlying litigation, filed a response memorandum opposing to production of the documents, but agreeing to an *in camera* review of the documents. (R. Doc. 39).

On May 8, 2015, the court ordered OFI to provide the documents at issue for *in camera* review. OFI provided the documents to the court on May 14, 2015. The court has conducted an *in camera* review of the documents withheld by OFI, including the redacted documents in both their redacted and non-redacted forms.

## I. Background

The documents at issue are responsive to a Rule 45 subpoena served on OFI by the Movants on January 16, 2015. Consistent with the court's order dated January 12, 2015 (R. Doc. 35), which authorized the production of certain documents by OFI pursuant to La. R.S. 6:103(H), the subpoena sought the following information from OFI:

1. Emails between and among John Ducrest, Sidney Seymour, Didrea Moore, and/or Deree Allen regarding STC's[1] receipt of fees related to SIB[2] CDs between 2001 and 2009. This request does not seek emails drafted by an agent or employee of STC or on which an agent or employee of STC was included as a recipient.

2. Written communications between and among John Ducrest, Sidney Seymour, Didrea Moore, and/or Deree Allen regarding STC's receipt of fees related to SIB CDs between 2001 and 2009. This request does not seek emails drafted by an agent or employee of STC or on which an agent or employee of STC was included as a recipient.

3. Working notes from John Ducrest, Sidney Seymour, Didrea Moore, and/or Deree Allen regarding STC's receipt of fees related to SIB CDs between 2001 and 2009. This request does not seek emails drafted by an agent or employee of STC or on which an agent or employee of STC was included as a recipient.

4. The exhibits attached to the July 16, 2012, Videotaped Deposition of Esther Decree Allen, taken in No. 581670, Section 24; Troy Lillie, et al. v. Stanford Trust Company, et al.; in the 19th Judicial District Court of East Baton Rouge Parish. This request does not seek production of any documents that are available from STC.

5. The exhibits attached to the July 17, 2012, Deposition of Seymour Allen, taken in No. 581670, Section 24; Troy Lillie, et al. v. Stanford Trust Company, et al.; in the 19th Judicial District Court of East Baton Rouge Parish. This request does not seek production of any documents that are available from STC.

6. Any witness statements, including the associated exhibits, of any employee, agent, director, or officer of OFI regarding STC's receipt of fees related to SIB CDs between 2001 and 2009. This request does not seek production of any documents that are available from STC.

---

[1] STC stands for Stanford Trust Company.
[2] SIB standard for Stanford International Bank.

2

(R. Doc. 38-1 at 3). Movants granted OFI an extension until March 4, 2015, to respond to the subpoena. (R. Doc. 38 at 4).

On March 3, 2015, OFI produced documents from the depositions of DeRee Allen and Sidney Seymour, and three privilege logs stating that OFI was withholding certain responsive documents pursuant to the deliberative process privilege, the attorney-client privilege, or both. (R. Doc. 38 at 4). These three privilege logs are attached to the instant motion. (R. Doc. 38-1 at 4-7). OFI withheld 18 documents and redacted an additional three documents. The subject matter descriptions provided in these privilege logs are brief: "SIB CD's IRA's," "SIB CD's," "Draft Cease and Desist Order," "STC Update," STC Recommendations, "STC," "Voluntary/Involuntary Dissolution STC," "2001 Examination of STC," "STC Examination Issues," and "Stanford Letter."

Movants argue that in light of the foregoing brief subject matter descriptions, they cannot discern whether the documents were properly withheld as privileged. (R. Doc. 38 at 5-9). In its response, OFI supplemented its privilege log with detailed descriptions of the withheld documents for the purpose of assisting the court in determining whether the applicable privileges apply to those documents. (R. Doc. 39 at 7-14). Movants have not sought leave to file any supplemental memorandum in light of these supplemental descriptions of the withheld documents and information.

**II.     Law and Analysis**

    **A.     The Deliberative Process Privilege**

The deliberative process privilege protects documents "reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 150

(1975) (citation omitted). The purpose of the deliberative process privilege is to allow agencies to engage in frank discussions about legal or policy matters without fear of public scrutiny. *Id*.[3]

In order for the deliberative process privilege to apply, a document must be both "deliberative" and "predecisional." *Vaughn v. Rosen,* 523 F.2d 1136, 1143-44 (D.C.Cir.1975). "A 'deliberative' document is one that would, if disclosed, expose an agency's decision-making process in such a way that would chill 'candid discussion within the agency,' thereby undermining the 'agency's ability to perform its functions.'" *DaSilva v. U.S. Citizenship & Immigration Servs.*, No. 13-cv-13, 2013 WL 4780267, at *4 (E.D. La. Sept. 4, 2013) (quoting *Dudman Commc'n Corp. v. Dep't of Air Force*, 815 F.2d 1565, 1568 (D.C. Cir. 1987)). Although the transmittal of mere factual information would not constitute a "deliberative" document, the Fifth Circuit has recognized "that analysis and evaluation of facts are as much a part of the deliberative process as analysis and evaluation of law." *Skelton v. U.S. Postal Serv.*, 678 F.2d 35, 38 (5th Cir. 1982) (citations omitted).

"Additionally, a 'predecisional' document is one prepared in order to assist the decision-maker in arriving at a decision and may include such things as proposals, draft documents, and other subjective documents that reflect opinions of the writer rather than agency policy." *DaSilva*, 2013 WL 4780267, at *4 (*citing Coastal States Gas Corp. v. Dep't of Energy,* 617 F.2d 854, 866 (D.C. Cir. 1980)).

OFI has asserted the deliberative process privilege with regard to twenty documents.[4] These documents include email chains and memoranda exchanged between and among the

---

[3] Both the Movants and OFI cite federal decisions discussing the deliberative process privilege. At least one state court has acknowledged that Louisiana agencies may assert this privilege. *See Kyle v. Louisiana Public Service Com'n*, 878 So.2d 650, 659 (La. Ct. App. 1 Cir. 2004).
[4] Bates numbers: 041685-041686; 041705-041707; 041701-041704; 041711-041714; 043838-043839; OFI 2015e-0007; OFI 2015e-0048; 041277-041278; 041761-041763; 041757-041759; 041748-041750;

following OFI employees: OFI Commissioner John Ducrest, OFI Chief Examiner Sidney Seymour, OFI Examiner Didrea Moore, DeRee Allen, Ben Riviere, Len Riviere, and Kerry Jarris. Five of these email chains include Sue Rouprich and Paul Melancon, general counsel for OFI, and are also withheld on the basis of the attorney-client privilege.

Based on its *in camera* review, and the submitted privilege logs, the court concludes that the deliberative process privilege applies where it has been asserted. The documents and redacted portions of documents withheld by OFI on the basis of the deliberative process privilege are both predecisional and deliberative. The email communications and memoranda are filled with opinions, recommendations, considerations, concerns and insights of agency employees relating to the DOJ and OFI's investigation of STC, and, ultimately, OFI's decisions and policies with regard to regulating STC in light of those investigations. The factual information contained in these documents is intertwined in OFI's deliberations in such a way that they cannot be revealed separately without a waiver of the privilege. As the purpose of the deliberative process privilege is to encourage frank discussions amongst agency employees and allow the candor necessary to make decisions, the court finds that compelling the release of these email communications and memoranda would chill such frankness and candor within OFI.[5]

Accordingly, the court will not compel the production of documents or redacted portions of documents withheld by OFI on the basis of the deliberative process privilege.

### B. The Attorney-Client Privilege

The attorney-client privilege protects confidential communications between attorney and client made for the purpose of obtaining legal advice. There is no dispute that Louisiana law

---

None (Ex. 1012); OFI 041817 (Ex. 133); None (Ex. 1014); OFI 041778 (Ex. 134); OFI E 1347-1355 (Ex. 140); OFI 1347-1355 (Ex. 141); OFI 041708, OFI 041710 (Ex. 136); and OFI 041694 (Ex. 137).
[5] Other than challenging the brief subject matter descriptions in OFI's original privilege log, Movants provide no compelling reasons for requiring the production of these documents despite their protection pursuant to the deliberative process privilege.

governs attorney-client privilege in this action. Article 506 of the Louisiana Code of Evidence codifies the attorney-client privilege:

> A client has a privilege to disclose and to prevent another person from disclosing a confidential communication . . . made for the purpose of facilitating the rendition of professional legal services to the client, as well as the perceptions, observations, and the like of the mental, emotional, or physical condition of the client in connection with such communication. . . .

La. Code Evid. art. 506(B). Waiver of the attorney-client privilege occurs if the "holder of the privilege voluntarily discloses or consents to disclosure of any significant part of the privileged matter." La. Code Evid. art. 502(A). Nevertheless, a "claim of privilege is not defeated by a disclosure which was compelled or made without opportunity to claim the privilege." La. Code Evid. art. 502(B).

Of the twenty documents withheld by OFI on the basis of deliberative process privilege, OFI has also withheld five of those documents (all email chains) on the basis of attorney-client privilege. Sue Rouprich and Paul Melancon, general counsel for OFI, participated in these email chains and authored several of the emails. On three of the email chains, Sue Rouprich, provides legal advice regarding the DOJ investigation to OFI employees and the OFI employees comment and discuss that legal advice.[6] Another email chain is primarily an exchange of emails between Sue Rouprich and Paul Melancon regarding the dissolution of trust companies under Louisiana law, and a final report of legal advice from Paul Melancon to Sid Seymour.[7] In the final email for which OFI is claiming privilege, Sid Seymour requests legal advice from general counsel Paul Melancon with regard to a letter sent from OFI to STC.[8] All of the foregoing communications are privileged pursuant to the attorney-client privilege.

---

[6] Bates numbers: 041685-041686; 041705-041707; and 041701-041704.
[7] Bates numbers: 041711-041714.
[8] Bates numbers: OFI 2015E-0007.

6

OFI has withheld a single document based solely on an assertion of the attorney-client privilege.[9] This two-page document is a memorandum from OFI Examiner Didrea Moore sent to the OFI Legal Department regarding the examination of STC. The document clearly requests legal opinions from the OFI Legal Department. Accordingly, the court finds the document to be attorney-client privileged and protected from production.

## III. Conclusion

For the foregoing reasons, the Motion (R. Doc. 38) is **DENIED** to the extent it seeks the production of the documents withheld by OFI as detailed in its privileged logs and provided to the court for *in camera* review.

Signed in Baton Rouge, Louisiana, on May 22, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[9] Bates numbers: 041809-041810.